UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

CASE NO.: 2:25-cv-01228

AJAY SURESH,

        Plaintiff,

v.

GAMMASTONE NORTH AMERICA INC,

        Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff AJAY SURESH, a resident of the state of New York, residing at 225 East 95th Street, Apartment 19C, New York, New York, 10128, by and through his undersigned counsel, brings this Complaint against Defendant GAMMASTONE NORTH AMERICA INC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff AJAY SURESH ("Suresh") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Suresh's original copyrighted Work of authorship after removal of his copyright management information.

2.      Suresh is an experienced, self-taught photographer, who has been capturing street and travel photographs for more than five years. He uses Olympus lenses and cameras for his work.

3.      Defendant GAMMASTONE NORTH AMERICA INC ("GammaStone") specializes in designing and manufacturing high-quality, large format, lightweight panels used for building facades. GammaStone is primarily known for its "Air Technology" and

collaborations with the world's leading architectural firms. At all times relevant herein, GammaStone owned and operated the Instagram Account located at the URL https://www.instagram.com/gammastone_air/ (the "GammaStone Instagram").

4. Suresh alleges that GammaStone copied his copyrighted Work from the internet in order to advertise, market and promote Defendants business activities.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. GammaStone is subject to personal jurisdiction in New Jersey.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, GammaStone engaged in infringement in this district, GammaStone resides in this district, and GammaStone is subject to personal jurisdiction in this district.

## DEFENDANT

9. GammaStone North America Inc is a New Jersey Corporation, with its principal place of business at 2400 Main Street, Suite 1, Sayreville, New Jersey, 08872, and can be served by serving its Registered Agent, Lizza & Carullo CPA's & Advisors at 1099 Wall Street W, Suite 170, Lyndhurst, NJ 07071.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2019, Suresh created the photograph entitled "David Geffen Hall," which is shown below and referred to herein as the "Work".

11. Suresh registered the Work with the Register of Copyrights on July 29, 2019 as part of a group registration. The Group Registration was assigned registration number VA 2-164-937. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. Suresh makes his work available via Flickr and a Creative Commons 2.0 License.

13. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

14. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

15. Suresh published the Work on November 12, 2019, by displaying it on his Flickr Page at https://www.flickr.com/photos/83136374@N05/48047408511 (the "Flickr Page").

---

[1] https://creativecommons.org/licenses/by/2.0/

16. Suresh's display of the Work on his Flickr Page also included copyright management information ("CMI") next to the Work in the form of Suresh's name, copyright notice, and the link to the licensing terms (collectively, the "Attributions").

17. Suresh's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

18. At all relevant times Suresh was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY GAMMASTONE

19. GammaStone has never been licensed to use the Work for any purpose.

20. On a date after the Work at issue in this action was created, but prior to the filing of this action, GammaStone copied the Work.

21. On or about February 24, 2022, Suresh discovered the unauthorized use of his Work on GammaStone Instagram Page advertising its most recent work for the Lincoln Center for the Performing Arts.

22. GammaStone copied Suresh's copyrighted Work without Suresh's permission or authority.

23. After GammaStone copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its "Air Technology" work.

24. GammaStone copied and distributed Suresh's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

25. GammaStone committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

26. When GammaStone copied and displayed the Work at issue in this case, GammaStone failed to provide attribution as required by the CC 2.0 license.

27. Defendant's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of copyright management information.

28. Suresh never gave GammaStone permission or authority to remove CMI from the Work at issue in this case.

29. Suresh notified GammaStone of the allegations set forth herein on May 28, 2024 and December 19, 2024. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

30. Suresh incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Suresh owns a valid copyright in the Work at issue in this case.

32. Suresh registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

33. GammaStone copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Suresh's authorization in violation of 17 U.S.C. § 501.

34. GammaStone performed the acts alleged in the course and scope of its business activities.

35. Defendant's acts were willful.

36. Suresh has been damaged.

37. The harm caused to Suresh has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

38. Suresh incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

39. The Work contains CMI in the form of the Attributions on Suresh's Flickr Page.

40. GammaStone knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on the GammaStone Instagram without any of the Attributions in violation of 17 U.S.C. § 1202(b).

41. GammaStone distributed the Work to the GammaStone Instagram knowing that the CMI has been removed or altered without authority of the copyright owner or the law.

42. GammaStone committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Suresh's rights in the Work.

43. GammaStone caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Suresh's rights in the Work at issue in this action protected under the Copyright Act.

44. Suresh has been damaged.

45. The harm caused to Suresh has been irreparable.

WHEREFORE, the Plaintiff AJAY SURESH prays for judgment against the Defendant GAMMASTONE NORTH AMERICA INC that:

    a.    GammaStone and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

    b.    GammaStone be required to pay Suresh his actual damages and Defendant's profits attributable to the infringement, or, at Suresh's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

    c.    Suresh be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d.    Suresh be awarded pre- and post-judgment interest; and

    e.    Suresh be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Suresh hereby demands a trial by jury of all issues so triable.

Dated: February 13, 2025            Respectfully submitted,

*/s/ Rebecca A. Kornhauser*
REBECCA A. KORNHAUSER
Bar Number: 517662024
rebecca.kornhauser@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.517.3534 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Ajay Suresh*